| Fill in this information to identify your case: | |
|---|---|
| United States Bankruptcy Court for the: <br> WESTERN DISTRICT OF PENNSYLVANIA | |
| Case number *(if known)* _____   Chapter  **11** | ☐ Check if this an amended filing |

Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy   06/24

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | **Kingston Operations LLC** |
| 2. | **All other names debtor used in the last 8 years** <br> Include any assumed names, trade names and *doing business as* names | **DBA  Kingston Rehabilitation and Nursing Center** |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **86-2681787** |
| 4. | **Debtor's address** | **Principal place of business** <br><br> **200 Second Avenue** <br> **Kingston, PA 18704-5722** <br> Number, Street, City, State & ZIP Code <br><br> **Luzerne** <br> County | **Mailing address, if different from principal place of business** <br><br> **22 Dike Dr.** <br> **Monsey, NY 10952** <br> P.O. Box, Number, Street, City, State & ZIP Code <br><br> **Location of principal assets, if different from principal place of business** <br><br> _____ <br> Number, Street, City, State & ZIP Code |
| 5. | **Debtor's website** (URL) | |
| 6. | **Type of debtor** | ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) <br> ☐ Partnership (excluding LLP) <br> ☐ Other. Specify: _____ |

Debtor **Kingston Operations LLC**  
Name

Case number (*if known*) _____

---

**7. Describe debtor's business**

A. *Check one:*

- ■ Health Care Business (as defined in 11 U.S.C. § 101(27A))
- ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
- ☐ Railroad (as defined in 11 U.S.C. § 101(44))
- ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
- ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
- ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
- ☐ None of the above

B. *Check all that apply*

- ☐ Tax-exempt entity (as described in 26 U.S.C. §501)
- ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
- ☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

**6233**

---

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

- ☐ Chapter 7
- ☐ Chapter 9
- ■ Chapter 11. *Check all that apply*:
  - ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725 (amount subject to adjustment on 4/01/25 and every 3 years after that).
  - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.
  - ☐ A plan is being filed with this petition.
  - ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
  - ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
  - ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.
- ☐ Chapter 12

---

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

- ■ No.
- ☐ Yes.

District _____   When _____   Case number _____
District _____   When _____   Case number _____

---

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

- ☐ No
- ■ Yes.

Debtor **Kingston Operations LLC** _____ Case number (*if known*)_____
     Name

List all cases. If more than 1,
attach a separate list       Debtor _____    Relationship _____
                             District _____ When _____    Case number, if known _____

| | | |
|---|---|---|
| **11.** | **Why is the case filed in *this district*?** | *Check all that apply:*<br>■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.<br>☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district. |
| **12.** | **Does the debtor own or have possession of any real property or personal property that needs immediate attention?** | ■ No<br>☐ Yes.   Answer below for each property that needs immediate attention. Attach additional sheets if needed.<br>**Why does the property need immediate attention?** (*Check all that apply.*)<br>☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.<br>   What is the hazard? _____<br>☐ It needs to be physically secured or protected from the weather.<br>☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).<br>☐ Other _____<br>**Where is the property?** _____<br>   Number, Street, City, State & ZIP Code<br>**Is the property insured?**<br>☐ No<br>☐ Yes.   Insurance agency _____<br>   Contact name _____<br>   Phone _____ |

### Statistical and administrative information

| | | |
|---|---|---|
| **13.** | **Debtor's estimation of available funds** | *Check one:*<br>☐ Funds will be available for distribution to unsecured creditors.<br>■ After any administrative expenses are paid, no funds will be available to unsecured creditors. |
| **14.** | **Estimated number of creditors** | ☐ 1-49           ☐ 1,000-5,000         ☐ 25,001-50,000<br>☐ 50-99          ☐ 5001-10,000        ☐ 50,001-100,000<br>☐ 100-199        ☐ 10,001-25,000      ☐ More than100,000<br>■ 200-999 |
| **15.** | **Estimated Assets** | ☐ $0 - $50,000              ■ $1,000,001 - $10 million       ☐ $500,000,001 - $1 billion<br>☐ $50,001 - $100,000         ☐ $10,000,001 - $50 million       ☐ $1,000,000,001 - $10 billion<br>☐ $100,001 - $500,000        ☐ $50,000,001 - $100 million      ☐ $10,000,000,001 - $50 billion<br>☐ $500,001 - $1 million      ☐ $100,000,001 - $500 million     ☐ More than $50 billion |
| **16.** | **Estimated liabilities** | ☐ $0 - $50,000              ☐ $1,000,001 - $10 million        ☐ $500,000,001 - $1 billion<br>☐ $50,001 - $100,000         ■ $10,000,001 - $50 million       ☐ $1,000,000,001 - $10 billion<br>☐ $100,001 - $500,000        ☐ $50,000,001 - $100 million      ☐ $10,000,000,001 - $50 billion<br>☐ $500,001 - $1 million      ☐ $100,000,001 - $500 million     ☐ More than $50 billion |

Debtor **Kingston Operations LLC**
Name

Case number (*if known*)

### Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  10/15/2024
MM / DD / YYYY

X  /s/ Neil Luria
Signature of authorized representative of debtor

Neil Luria
Printed name

Title  **Chief Restructuring Officer**

**18. Signature of attorney**

X  /s/ Daniel R. Schmizzi
Signature of attorney for debtor

Date  10/15/2024
MM / DD / YYYY

**Daniel R. Schmizzi**
Printed name

**Raines Feldman Littrell, LLP**
Firm name

**11 Stanwix Street
Suite 1100
Pittsburg, PA 15222**
City, State & ZIP Code

Contact phone  412-899-6474     Email address  dschimizzi@raineslaw.com

**311869 PA**
Bar number and State

*Execution Version*

# WRITTEN CONSENT OF
# THE CHIEF RESTRUCTURING OFFICER

## October 15, 2024

Neil Luria being the Chief Restructuring Officer (the "CRO") of Pottsville Operations, LLC, Pottsville Propco, LLC, Hampton House Operations, LLC, Hampton House Propco, LLC, Kingston Operations, LLC, Kingston Propco, LLC, Yeadon Operations, LLC, Yeadon Propco, LLC, Williamsport North Operations, LLC, Williamsport South Operations, LLC, Williamsport Propco, LLC (the "Companies") and empowered to act on behalf of the Companies hereby adopts the following resolutions, effective as of the first date written above:

## Chapter 11 Filing

**WHEREAS**, the Companies appointed the CRO effective October 15, 2024, pursuant to the Action by Joint Written Consent of the Managers and Majority Members of Hampton House Propco, LLC, Kingston Propco, LLC, Pottsville Propco, LLC, Williamsport Propco, LLC, Yeadon Propco, LLC (the "PropCo Consent") and Action by Unanimous Written Consent of the Managers of Hampton House Operations, LLC, Kingston Operations, LLC, Pottsville Operations, LLC, Williamsport North Operations, LLC, Williamsport South Operations, LLC, Yeadon Operations, LLC (the "OpCo Consent" and together with the PropCo Consent, the "Consents").

**WHEREAS**, the Consents established the officer of the chief restructuring officer for the Companies and authorized the CRO to file the Chapter 11 Cases (defined below) for the Companies and take all further actions necessary for the Companies in connection with the Chapter 11 Cases.

**WHEREAS**, the Companies and CRO have considered, among other things, the financial and operational condition of the Companies and the Companies' businesses on the date hereof, the assets of the Companies, the current and long-term liabilities of the Companies, the liquidity situation of the Companies, the strategic alternatives available to it, the effect of the foregoing on the Companies' businesses, and the advice of management and the Companies' advisors.

**NOW, THEREFORE, BE IT RESOLVED**, that, in the judgment of the CRO, it is desirable and in the best interests of the Companies, its creditors, and other parties in interest, that the Companies shall be, and hereby are, authorized to file, or cause to be filed, a voluntary petition for relief (together with the chapter 11 cases of the Company's affiliates, the "Chapter 11 Cases") under the provisions of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Western District of Pennsylvania (the "Bankruptcy Court") and any other petition for relief or recognition or other order that may be desirable under applicable law in the United States.

## General

**NOW, THEREFORE, BE IT RESOLVED**, that, in addition to the specific authorizations heretofore conferred, the CRO is authorized and directed to do and perform all such

other acts, deeds and things and to make, negotiate, execute, deliver and file, or cause to be made, negotiated, executed, delivered and filed, all such agreements, undertakings, documents, plans, instruments, certificates, registrations, notices or statements as the CRO may deem necessary or advisable to effectuate or carry out fully the purpose of the foregoing resolutions, and the taking of such actions or the execution of such documents by the CRO shall be conclusive evidence that the CRO deems such action or the execution and delivery of such document to be necessary or advisable and to be conclusive evidence that the same is within the authority conferred by the resolutions herein, and that any and all actions taken heretofore and hereafter to accomplish such purposes, all or singular, be, and they hereby are, approved, ratified and confirmed.

**FURTHER RESOLVED**, that this written consent may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together will constitute one and the same instrument, and that this written consent may be delivered via facsimile or electronic transmission with the same force and effect as if it had been delivered manually.

**FURTHER RESOLVED**, that the CRO hereby ratifies and confirms all of the acts and transactions relating to matters contemplated by the foregoing resolutions, which acts and transactions would have been authorized and approved by the foregoing resolutions except that such acts and transactions were taken prior to the adoption of such resolutions, be, and they hereby are, in all respects confirmed, approved, and ratified.

*[Remainder of Page Intentionally Left Blank]*

*Execution Version*

      **IN WITNESS WHEREOF**, the undersigned CRO of the Companies has executed this Written Consent of the Chief Restructuring Officer as of and effective on October 15, 2024.

                                                    */s/ Neil Luria*

                                      Neil Luria, Chief Restructuring Officer of Pottsville Operations, LLC, Pottsville Propco, LLC, Hampton House Operations, LLC, Hampton House Propco, LLC, Kingston Operations, LLC, Kingston Propco, LLC, Yeadon Operations, LLC, Yeadon Propco, LLC, Williamsport North Operations, LLC, Williamsport South Operations, LLC, Williamsport Propco, LLC

[Signature Page to Action by Written Consent]

# United States Bankruptcy Court
## Western District of Pennsylvania

In re: **Kingston Operations LLC**, Debtor(s)

Case No.

Chapter **11**

## LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with rule 1007(a)(3) for filing in this Chapter 11 Case

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
|---|---|---|---|
| **LZ PA Holdings LLC**<br>22 Dike Dr.<br>Monsey, NY 10952 | | 100% | |

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the **Chief Restructuring Officer** of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing List of Equity Security Holders and that it is true and correct to the best of my information and belief.

Date: 10/15/2024

Signature: /s/ Neil Luria
**Neil Luria**

*Penalty for making a false statement of concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.

Sheet 1 of 1 in List of Equity Security Holders

# United States Bankruptcy Court
## Western District of Pennsylvania

In re: **Kingston Operations LLC**, Debtor(s)

Case No.
Chapter **11**

# CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned counsel for **Kingston Operations LLC** in the above captioned action, certifies that the following is a (are) corporation(s), other than the debtor or a governmental unit, that directly or indirectly own(s) 10% or more of any class of the corporation's(s') equity interests, or states that there are no entities to report under FRBP 7007.1:

**LZ PA Holdings LLC**
**22 Dike Dr.**
**Monsey, NY 10952**

☐ None [*Check if applicable*]

10/15/2024
Date

/s/ Daniel R. Schmizzi
**Daniel R. Schmizzi**
Signature of Attorney or Litigant
Counsel for **Kingston Operations LLC**
**Raines Feldman Littrell, LLP**
**11 Stanwix Street**
**Suite 1100**
**Pittsburgh, PA 15222**
**412-899-6474**
**dschimizzi@raineslaw.com**

| Fill in this information to identify the case: | |
|---|---|
| Debtor name | Kingston Operations LLC |
| United States Bankruptcy Court for the: | WESTERN DISTRICT OF PENNSYLVANIA |
| Case number (if known): | |

☐ Check if this is an amended filing

# Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (CONSOLIDATED)

**12/15**

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| PA Nursing Facility Assessment<br>315 N. 2nd Street<br>Harrisburg, PA 17101 | 717-787-1171 | Trade debt | | | | $15,980,249.00 |
| Comprehensive Care Solutions LLC<br>491 Lyons Ave<br>Irvington, NJ 07111 | 917-678-8442 | Trade debt | | | | $3,876,303.00 |
| ShiftMed, LLC<br>7925 Jones Branch Dr.<br>McLean, VA 22102 | 800-485-9002<br>billingsupport@shiftmed.com | Trade debt | | | | $2,712,252.00 |
| Reliant Pro Rehab<br>PO Box 207773<br>Dallas, TX 75320-7773 | 877-889-5188 | Trade debt | | | | $1,835,861.00 |
| Change Healthcare<br>P.O. Box 736187<br>Chicago, IL 60673-6187 | | Trade debt | | | | $1,366,750.00 |
| PAMC Consulting LLC<br>Dike Drive<br>Monsey, NY 10952 | Mst141976@gmail.com | Trade debt | | | | $1,092,967.00 |
| SC & BP Services Inc.<br>1420 East Linden Ave.<br>Linden, NJ 07036 | 908-912-2700 | Trade debt | | | | $1,061,140.00 |
| SpecialtyRX<br>2 Bergen Turnpike<br>Ridgefield Park, NJ 07660 | 866-773-2479<br>info@srxltc.com | Trade debt | | | | $1,027,160.00 |
| ShiftKey, LLC<br>PO Box 735913<br>Dallas, TX 75373-5913 | 214-257-8686 | Trade debt | | | | $1,022,270.00 |

| Debtor | **Kingston Operations LLC** | | Case number *(if known)* | |
|---|---|---|---|---|
| | Name | | | |

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim  If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| United Health Plus Admin  975 NY-45 #1200  Pomona, NY 10970 | | Trade debt | | | | $904,433.00 |
| UHP Administrators  1662 61st St.  Brooklyn, NY 11204 | 888-596-4325 | Trade debt | | | | $878,800.00 |
| IPFS Corporation  125 S. Wacker Dr. Suite 1650  Chicago, IL 60606 | 866-412-2426 | Trade debt | | | | $570,900.00 |
| Centers for Medicare & Medicaid Services  PO Box 7520  Baltimore, MD 21207-0520 | 212-861-4293  enforcement@cms.hhs.gov | Trade debt | | | | $533,360.00 |
| Dedicated Nursing Associates, Inc.  6536 William Penn Hwy Rt. 22  Suite 201  Delmont, PA 15626-2409 | 724-365-8545  AR@DedicatedNurses.com | Trade debt | | | | $341,608.00 |
| IntelyCare, Inc.  PO Box 787317  Philadelphia, PA 19178-7317 | 844-683-5922  CareTeam@intlycare.com | Trade debt | | | | $266,735.00 |
| Eagle Risk Services  202 Caton Ave.  Brooklyn, NY 11218 | 718-215-8650  Info@EagleNorthLLC.com | Trade debt | | | | $257,441.00 |
| PointClickCare Technologies Inc.  PO Box 674802  Detroit, MI 48267-4802 | 905-858-8885 | Trade debt | | | | $233,641.00 |
| TwoMagnets Inc.  PO Box 103125  Pasadena, CA 91189-3125 | 408-837-0116  billing@clipboardhealth.com | Trade debt | | | | $211,494.00 |
| Trans-Med Ambulance Inc.  14 Marion Street  Luzerne, PA 18709 | 570-283-2444  Lauraomtma@gmail.com | Trade debt | | | | $210,739.00 |
| Kennedy PC  PO Bx 5100  Harrisburg, PA 17110 | 717-233-7100, 877-833-7100 | Trade debt | | | | $177,873.00 |
| Medical Data Analytics  1482 Ocean Parkway  Brooklyn, NY 11230 | | Trade debt | | | | $161,790.00 |

Debtor **Kingston Operations LLC**　　　　　　　　　　　　　　　　Case number *(if known)*
　　　　Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| BerkshireHathaway Homestate Cos.<br>PO Box 844501<br>Los Angeles, CA 90084-4501 | 877-680-2442<br>billing@bhhomestate.com | Trade debt | | | | $151,621.00 |
| Apex Global Solutions LLC<br>400 Rella Blvd.<br>Suite 200<br>Montebello. NY 10901 | 845-595-2444<br>info@ApexGlobaUS.com | Trade debt | | | | $141,269.00 |
| Med Stat Ambulance LP<br>465 East Chestnut St<br>Hazleton, PA 18201 | 570-861-8511 | Trade debt | | | | $118,257.00 |
| Care Technology Group<br>29 Terri Lee Lane<br>Spring Valley, NY 10977 | (212) 575-3495<br>info@caretechnologygroup.com | Trade debt | | | | $104,327.00 |
| Rehab Advisors by Enhance LLC<br>685 River Ave.<br>Lakewood, NJ 08701 | 866-574-4272<br>rehabadvisors@enhancetherapies.com | Trade debt | | | | $104,282.00 |
| Elite Revenue Solutions<br>200 N. River Street<br>Wlkes Barre, PA 18711 | 570-825-1512 | Trade debt | | | | $102,367.00 |
| Signature Staff Resources LLC<br>1460 T L Townsend Dr. #104<br>Rockwall, TX 75032 | 866-480-4531 | Trade debt | | | | $95,180.00 |
| Sunset Staffing LLC<br>157 Sheffield Dr.<br>Sunbury, PA 17801 | 570-986-8773 | Trade debt | | | | $94,071.00 |
| Normandy Insurance Company<br>4800 N Federal Hwy<br>Boca Raton, FL 33431 | 866-688-6442<br>info@normandyins.com | Trade debt | | | | $91,051.00 |

*Execution Version*

# WRITTEN CONSENT OF
# THE CHIEF RESTRUCTURING OFFICER

## October 15, 2024

Neil Luria being the Chief Restructuring Officer (the "CRO") of Pottsville Operations, LLC, Pottsville Propco, LLC, Hampton House Operations, LLC, Hampton House Propco, LLC, Kingston Operations, LLC, Kingston Propco, LLC, Yeadon Operations, LLC, Yeadon Propco, LLC, Williamsport North Operations, LLC, Williamsport South Operations, LLC, Williamsport Propco, LLC (the "Companies") and empowered to act on behalf of the Companies hereby adopts the following resolutions, effective as of the first date written above:

## Chapter 11 Filing

WHEREAS, the Companies appointed the CRO effective October 15, 2024, pursuant to the Action by Joint Written Consent of the Managers and Majority Members of Hampton House Propco, LLC, Kingston Propco, LLC, Pottsville Propco, LLC, Williamsport Propco, LLC, Yeadon Propco, LLC (the "PropCo Consent") and Action by Unanimous Written Consent of the Managers of Hampton House Operations, LLC, Kingston Operations, LLC, Pottsville Operations, LLC, Williamsport North Operations, LLC, Williamsport South Operations, LLC, Yeadon Operations, LLC (the "OpCo Consent" and together with the PropCo Consent, the "Consents").

WHEREAS, the Consents established the officer of the chief restructuring officer for the Companies and authorized the CRO to file the Chapter 11 Cases (defined below) for the Companies and take all further actions necessary for the Companies in connection with the Chapter 11 Cases.

WHEREAS, the Companies and CRO have considered, among other things, the financial and operational condition of the Companies and the Companies' businesses on the date hereof, the assets of the Companies, the current and long-term liabilities of the Companies, the liquidity situation of the Companies, the strategic alternatives available to it, the effect of the foregoing on the Companies' businesses, and the advice of management and the Companies' advisors.

NOW, THEREFORE, BE IT RESOLVED, that, in the judgment of the CRO, it is desirable and in the best interests of the Companies, its creditors, and other parties in interest, that the Companies shall be, and hereby are, authorized to file, or cause to be filed, a voluntary petition for relief (together with the chapter 11 cases of the Company's affiliates, the "Chapter 11 Cases") under the provisions of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Western District of Pennsylvania (the "Bankruptcy Court") and any other petition for relief or recognition or other order that may be desirable under applicable law in the United States.

## General

NOW, THEREFORE, BE IT RESOLVED, that, in addition to the specific authorizations heretofore conferred, the CRO is authorized and directed to do and perform all such

other acts, deeds and things and to make, negotiate, execute, deliver and file, or cause to be made, negotiated, executed, delivered and filed, all such agreements, undertakings, documents, plans, instruments, certificates, registrations, notices or statements as the CRO may deem necessary or advisable to effectuate or carry out fully the purpose of the foregoing resolutions, and the taking of such actions or the execution of such documents by the CRO shall be conclusive evidence that the CRO deems such action or the execution and delivery of such document to be necessary or advisable and to be conclusive evidence that the same is within the authority conferred by the resolutions herein, and that any and all actions taken heretofore and hereafter to accomplish such purposes, all or singular, be, and they hereby are, approved, ratified and confirmed.

**FURTHER RESOLVED**, that this written consent may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together will constitute one and the same instrument, and that this written consent may be delivered via facsimile or electronic transmission with the same force and effect as if it had been delivered manually.

**FURTHER RESOLVED**, that the CRO hereby ratifies and confirms all of the acts and transactions relating to matters contemplated by the foregoing resolutions, which acts and transactions would have been authorized and approved by the foregoing resolutions except that such acts and transactions were taken prior to the adoption of such resolutions, be, and they hereby are, in all respects confirmed, approved, and ratified.

*[Remainder of Page Intentionally Left Blank]*

*Execution Version*

**IN WITNESS WHEREOF**, the undersigned CRO of the Companies has executed this Written Consent of the Chief Restructuring Officer as of and effective on October 15, 2024.

_____
Neil Luria, Chief Restructuring Officer of Pottsville Operations, LLC, Pottsville Propco, LLC, Hampton House Operations, LLC, Hampton House Propco, LLC, Kingston Operations, LLC, Kingston Propco, LLC, Yeadon Operations, LLC, Yeadon Propco, LLC, Williamsport North Operations, LLC, Williamsport South Operations, LLC, Williamsport Propco, LLC

[Signature Page to Action by Written Consent]